M. J. Haden
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>JOSHUA DAVID WOLFE,<br><br>                Defendant. | Case No. 4:06-cr-0017-RRB-TWH<br><br>**MOTION ON SHORTENED TIME TO CONTINUE SENTENCING** |

Defendant, Joshua David Wolfe, by and through counsel M. J. Haden, Assistant Federal Defender, moves this court on shortened time to continue the sentencing in the above styled case currently scheduled for Friday, July 27, 2007, in Fairbanks, Alaska.  Mr. Wolfe respectfully requests that his sentencing be continued until on or after November 1, 2007.

Mr. Wolfe has entered a guilty plea to two counts of distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).  There is no plea agreement in this case.  The PSR writer has calculated the combined weight of the cocaine based involved in both counts as being 23.9 grams.  Mr. Wolfe agrees with this calculation.  The

PSR writer has also, pursuant to the U.S.S.G. as amended November 1, 2006, calculated Mr. Wolfe's base offense level as 28, which would be reduced by 3 levels, making the adjusted offense level 23.

Mr. Wolfe requests that his sentencing hearing be continued until on or after November 1, 2007, because on May 1, 2007, the United States Sentencing Commission submitted twelve amendments to the sentencing guidelines.[1] All of the proposed amendments will take effect on November 1, 2007, unless Congress expressly rejects one or more of them. One of this year's amendments includes a substantive modification to the Drug Quantity Table found in U.S.S.G. § 2D1.1(c). This amendment will impact Mr. Wolfe's guideline calculation.[2]

The proposed amendment basically reduces the base offense level for cocaine base, as determined by the Drug Quantity Table, by two levels. For instance, Section 2D1.1(c)(6) is amended by striking "At least 20 G but less than 35 G of Cocaine Base" and inserting "At least 35 G bust less than 50 G of Cocaine Base." The amendment further provides Section 2D1.1(c)(7) be amended by striking "At least 5 G but less than 20 G of Cocaine Base"and inserting "At least 20 G but less than 35 G of Cocaine Base." These changes reduce from 28 to 26 the applicable offense level for a quantity of cocaine base between 20 to 35 grams.

---

[1] An official text of the amendments can be found on the Commission's website at www.ussc.gov.

[2] There is also a proposed amendment that will have an impact on Mr. Wolfe's criminal history points, but will not have an impact on his overall criminal history category.

As applied to Mr. Wolfe's case, the May 1, 2007, amendment would generate an adjusted based offense level, taking into consideration a 3 level reduction for acceptance of responsibility under § 3E1.1, of 23. Based on a Criminal History category of V, Mr. Wolfe would be facing an advisory guideline of 84 to 105 under the proposed amended guidelines, a range of about a year and a half less than under the November 1, 2006, Sentencing Manual. At the current time there is no indication that the May 1, 2007, amendment will be made retroactive to sentences imposed before November 1, 2007.

Although under United States v. Booker, 126 S. Ct. 738 (2005), the federal sentencing guidelines are no longer mandatory, the court must still consider them "before deciding whether to exercise its new-found discretion to impose a non-guideline sentence." United States v. Jimenez-Beltre, 440 F.3d 514, 518 (1st Cir. 2006), cert. denied 127 S. Ct. 938 (2007). Absent an ex post facto problem, "the court shall use the Guidelines Manual in effect on the date that the defendant is sentenced." U.S.S.G. § 1B1.1. If the cocaine base amendment proposed by the Sentencing Commission on May 1, 2007, are incorporated into the Sentencing Manual in effect on November 1, 2007, the advisory guideline range for any defendant, who like Mr. Wolfe falls in Criminal History Category V and is accountable for between 20 to 35 grams of cocaine base, will be about a year and a half below what he faces using the current manual. The court should continue the sentencing in this case so as to avoid that unfair arbitrariness. See United States v. Cruz-Alacla, 388 F.3d 1194, 1201 (10th Cir. 2003), cert. denied 124 S. Ct. 970 (2003) (refers to appellant's failure to file in district for continuance of sentencing so that he could have seen

sentenced after the effective date of a guideline amendment which would have benefitted him).

The court has broad discretion to decide a continuance motion. United States v. Garrett, 179 F.3d 1143 1145, (9th Cir. 1999). "[B]road discretion must be granted trial courts on matters of continuances." Morris v. Slappy, 103 S. Ct. 1610 (1983). An unreasonable and arbitrary insistence upon expeditiousness in the face of a justifiable request for a delay would constitute an abuse of discretion. Id. Among the factors to be considered are any unfair prejudice which would result from the denial of a continuance. If the sentencing in this case is not delayed until on or after November 1, 2007, Mr. Wolfe could well be prejudiced in that he will be subjected to a higher advisory guideline range. It would be unfair for him to face a higher range simply due to the fortuity of the date that he is sentenced.

Mr. Wolfe is currently in state custody at the Fairbanks Correctional Center. He is facing a lengthy period of incarceration; therefore, an addition 100 day delay before sentencing will not prejudice him, nor will it prejudice the government. The circumstances presented here justify a continuance. Thus, Mr. Wolfe respectfully request that his sentencing date be continued to on or after November 1, 2007.

///

///

///

///

DATED this 3rd day of July, 2007.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ M. J. Haden
Assistant Federal Defender
Alaska Bar No. 0607047
601 West Fifth Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mj_haden@fd.org

Certification:

I certify that on July 3, 2007, a copy of the foregoing document, with attachments, was served electronically on:

Bryan Schroder, Esq.

/s/ M. J. Haden