NELSON P. COHEN
United States Attorney

BRYAN SCHRODER
Assistant U.S. Attorney
Federal Building and U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, AK  99701
Phone: (907) 456-0245
Fax: (907) 456-0577
Email: bryan.schroder@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:06-cr-00017 (RRB) |
| | ) | |
| Plaintiff, | ) | |
| | ) | **GOVERNMENT'S** |
| v. | ) | **SENTENCING** |
| | ) | **MEMORANDUM** |
| JOSHUA DAVID WOLFE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW, the United States of America, by and through undersigned counsel, and submits its sentencing memorandum concerning defendant, Joshua Wolfe, as follows:

I.  **Summary of Estimated Guideline Calculations**

The Government has no objections to the presentence report (PSR) calculations.  Thus, the Defendant's offense level is 25 and his criminal history

category is V, resulting in an advisory guideline range of 100-125 months.

## II. Response to Anticipated Objections

The Government anticipates that the Defendant will request that the Court consider proposed changes to the U.S. Sentencing Guidelines in determining it's sentence. On April 27, 2007, the U.S. Sentencing Commission proposed new guidelines related to cocaine base, also known as crack cocaine. Those proposed revisions would lead to an across the board two-level decrease in offense levels for crack cocaine. Absent action by Congress, the new offense levels will come into effect on November 1, 2007. United States Sentencing Commission, <u>2007 Report to Congress: Cocaine and Federal Sentencing Policy</u>, p. 9 [hereinafter 2007 Commission Report].

The Government objects to consideration of the proposed changes to the Guidelines. First, the proposed decrease in offense level may be rejected by Congress. The Commission has made proposals to Congress on previous occasions to change the guidelines related to crack cocaine. Congress rejected an amendment submitted by the Commission in 1995, and declined to address other statutory recommendations made by the Commission in other reports. <u>2007 Commission Report</u>, p. 1.

Second, the Defendant is attempting to use a back door method of assuring

that any change to the guidelines apply to him, even if the Commission and Congress decide that the changes should not be retroactive. The Commission has not made a recommendation as to whether their proposed changes to the Guidelines should apply retroactively. If the final decision is to amend the Guidelines <u>and</u> apply them retroactively, the Defendant will appropriately benefit. If the Guideline change is allowed to go into effect, but is <u>not</u> applied retroactively, the Defendant is not appropriately eligible for this benefit. The decision on retroactive application will be made with an eye toward the even application of justice. The Defendant should not get a beneficial application by a back door tactic.

## III.   Government's Recommendation

The Government recommends that the court sentence Mr. Wolfe to a sentence of 112 months imprisonment and 5 years supervised release. This sentence is within the advisory range of the U.S. Sentencing Guidelines ("Guidelines"), and a sentence within the Guidelines range is appropriate in this case.

The court, when considering the sentence of the defendant, is guided by the factors stated in 18 U.S.C. § 3553. The sentence recommended by the Government appropriately meets the statutory factors. In this matter, the history

and characteristics of the defendant, the nature and circumstances of the offense, the need to provide deterrence, and the responsibility to protect the public all call for a significant sentence.  The Defendant's criminal history is extensive, especially for someone of a fairly young age.  This history began as a juvenile and continued, unabated, into adulthood.  The most concerning charges are burglaries, including the theft of firearms.  Moreover, in the aftermath of his last burglary conviction, the State of Alaska filed five separate petitions to revoke probation over a period of four years.  The last two petitions to revoke were based on his failure to report to his probation officer from March 2006 to February 2007, a period when he admitted to the Probation and Pretrial Services Officer that he was "on the run" out of the state.  The Defendant has demonstrated his unwillingness to live by the rules of society, and specifically, the requirements placed on him by the courts.

The final manifestation of the Defendant's choice of a life of crime over an honest living was his decision to sell crack cocaine, the actions that led to the charges he admitted in this Court.  Selling drugs in a small town is an abusive and selfish act, with no regard for the damage caused in the community.  The Defendant's actions, both in the years leading up to his indictment on these charges, and in his acts of selling crack cocaine, show he is a significant danger to

his community, and that he has not been deterred by previous sentences issued by the state courts.  Moreover, his continued criminal conduct was a sign to others that there was little risk in a life outside of the law.

This court is in a position to correct those past outcomes.  A sentence as recommended by the Government will, most directly, protect the community while the Defendant is in jail.  Moreover, it will send a signal to the community and other criminals that this type of life will not be tolerated by those tasked with protecting the public, law enforcement officers and the courts.  Finally, and probably most importantly, it will send a very direct signal to the Defendant that he cannot continue on the same path.  The Defendant has indicated to the court that he wants to choose a new path, which is hopefully true.  The PSR also indicates that the Defendant has had a difficult life. Thus, the Government is not asking for the top of the Guideline range or higher.  However, the extent of the Defendant's illegal conduct requires that he be held responsible for these actions.  The Government's recommended sentence provides that accountability.

The Government recommends a sentence of 112 months confinement and

//

//

5 years supervised release.

      RESPECTFULLY SUBMITTED this <u>20th</u> day of July, 2007, at Fairbanks, Alaska.

                      NELSON P. COHEN
                      United States Attorney

                      <u>s/ Bryan Schroder</u>
                      Assistant U.S. Attorney
                      Federal Building & U.S. Courthouse
                      101 12th Avenue, Room 310
                      Fairbanks, AK  99701
                      Phone: (907) 456-0245
                      Fax: (907) 456-0577
                      Email: bryan.schroder@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2007,
a copy of the foregoing was served electronically on:

M.J. Haden

<u>s/Bryan Schroder</u>