M. J. Haden
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>JOSHUA DAVID WOLFE,<br><br>                Defendant. | Case No. 4:06-cr-0017-RRB-TWH<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO REDUCE SENTENCE** |

**I.     ORIGINAL SENTENCE**

On July 30, 2007, the trial court sentenced Joshua Wolfe to 88 months of incarceration.  Mr. Wolfe's original advisory, adjusted guideline level was 25.  He had a Criminal History Category of V, making his original guideline range 100 to 125 months.  At the time of sentencing, the court departed two levels based on a number of factors – his youthful age, his family ties and responsibilities, the nature and circumstances of the offense, the history and characteristics of the defendant, to avoid unwarranted sentencing disparities among defendants, the fact that he turned himself in, dysfunctional youth, lack of violence, and disparity of treatment between crack and powder cocaine.  See Statement

of Reasons, Docket 31; Exhibit A, Sentencing Transcript at 26-29. The two-level departure placed Mr. Wolfe in a range of 84 to 100 months. The court sentenced him to 88 months. The court noted that it was a "big plus" in Mr. Wolfe's favor that he had turned himself in. The court stated, "[y]ou got a big plus on your side of the chart for that because that shows maybe that you're interested in rehabilitation." Id. at 24.

## II.   CHANGES IN THE LAW

At the time of sentencing, the crack guideline range was higher than at present. The original base offense level for Mr. Wolfe's drug offense was level **28,** and **25** with acceptance. The guideline range in Criminal History V for this level was **100 to 125** months. Now the base level would be level **26**, minus three for acceptance, resulting in a level **23** and a range of **84 to 100** months. The record is unclear as to what weight the court gave the disparity of treatment between crack and powder cocaine when it departed downward. Had Mr. Wolfe's sentence range been calculated under the current amended guidelines and the court departed based on the listed § 3553 factors, Mr. Wolfe's sentence would have been as low as 74 months.

## III.   AUTHORIZATION FOR MODIFICATION

This court has jurisdiction to modify Joshua Wolfe's sentence now under the plain language of 18 U.S.C. § 3582(c) which provides:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent

> with the applicable policy statements issued by the Sentencing Commission.

Each of the predicate conditions conferring jurisdiction are met in this case. Mr. Wolfe was sentenced in 2001 based on a guideline range that was lowered by the Sentencing Commission in November 2007. A reduction now is consistent with the policy statements recently issued by the Commission. The Sentencing Commission has determined that ameliorating the disparity between crack and powder cocaine should be made retroactive.

The Supreme Court's interpretation of the Sentencing Reform Act in <u>United States v. Booker</u>, 543 U.S. 220 (2005), applies to every component of the Act, including § 3582(c). Although <u>Booker</u> was presented as a constitutional case, the remedial portion of the opinion is one of statutory construction. As a matter of statutory construction, the Sentencing Reform Act only requires respectful consideration of the guideline ranges, but does not require adherence to the sentencing ranges or to policy statements. <u>Booker</u>, 543 U.S. at 262. <u>See also</u> <u>Kimbrough v. United States</u>, 128 S. Ct. 558, 570-71 (2007), and <u>Gall v. United States</u>, 128 S. Ct. 586, 594 (2007).

The advisory nature of the guidelines applies to all aspects of the sentencing process, including an initial sentencing, appellate review of a sentence, and re-sentencing upon remand. <u>See</u> <u>Clark v. Martinez</u>, 543 U.S. 371, 378 (2005).

**IV.    REQUEST FOR HEARING AND RE-SENTENCING**

It is the defense position that Mr. Wolfe's offense level should have started at level 23, which would place him in the range of **84 to 100**, prior to considering any factors under § 3553. Since the court originally considered Mr. Wolfe worthy of a

downward departure of two levels, his sentence should now be reduced by at least 14 months to a sentence of **74** months.

Although the court has already considered the factors set forth in § 3553, the court should note that Mr. Wolfe has applied himself in prison. He as a satisfactory work performance rating and has sustained no incident ro disciplinary reports. He has completed his GED and has taken classes in parenting skills. In addition, he is scheduled to begin a drug education program. Exhibit B, Program Review Report.

Mr. Wolfe has demonstrated that he is on the road to rehabilitation and that public safety will be served by a slightly lower sentence. At sentence of **74** months is, under 18 U.S.C. § 3553(a), "sufficient" for the statutory objectives.

DATED this 25th day of June, 2008.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ M. J. Haden
Assistant Federal Defender
Alaska Bar No. 0607047
601 West Fifth Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mj_haden@fd.org

Certification:

I certify that on June 26, 2008, a copy of the foregoing document, with attachments, was served electronically on:

Bryan Schroder, Esq.

/s/ M. J. Haden

Case No. 4:06-cr-0017-RRB-TWH

Page 4