NELSON P. COHEN
United States Attorney

BRYAN SCHRODER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-5011
Email: bryan.schroder@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.  4:06-cr-00017-RRB |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S POSITION ON |
| | ) | DEFENDANT'S MOTION FOR |
| v. | ) | REDUCTION OF SENTENCE |
| | ) | PURSUANT TO |
| JOSHUA DAVID WOLFE, | ) | 18 U.S.C. § 3582(C) |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Plaintiff United States of America, through its counsel of record, Assistant United States Attorney Bryan Schroder, hereby opposes defendant Joshua David Wolfe motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c).

In his motion, defendant relies on a recent retroactive amendment to the

United States Sentencing Guidelines (U.S.S.G. or "Guidelines") which lowered the base offense levels applicable under U.S.S.G. § 2D1.1 to cocaine base ("crack") offenses. The defendant's motion should be denied because the Court already applied the two-level deduction at the original sentencing, and any additional reduction would give the defendant a double benefit. The Government also opposes the defendant's request for a hearing. The Court has sufficient information to make a decision on the defendant's motion. A hearing is not needed.

On the afternoon of September 7, 2005, the defendant sold 11.8 grams of crack cocaine to a confidential source in the parking lot of the Shopper's Paradise Mall in Fairbanks, Alaska. Two days later, on September 9, 2005, the defendant sold an additional 12.1 grams of crack cocaine to the same confidential source. The substance was determined by the DEA Western Regional Laboratory to be cocaine base.

On March 23, 2006, the defendant was indicted on two counts of distribution of cocaine, for the two sales the previous September. The Defendant left the District to avoid the indictment, returning in March 2007.

Based on an amount of cocaine base above 20 grams, but less than 35 grams, the defendant's base offense level under the U.S. Sentencing Guidelines

(U.S.S.G) was 28. He recieved a 3-level reduction for acceptance of responsibility. Thus, his total offense level was 25. Based on 11 criminal history points, his criminal history level was V. Thus, the applicable Guideline range was 100-125 months. Because he pled guilty to distributing more than 5 grams of crack cocaine, he was required to serve a mandatory minimum sentence of 5 years imprisonment under 21 U.S.C. § 841(b)(1)(B).

Prior to sentencing in July 2007, the Defendant asked that the Court to apply a 2-level reduction to his sentence based upon proposed changes to the Guidelines related to the difference between cocaine powder and crack cocaine. The Court applied the two-level deduction, awarding a below-Guidelines sentence of 88 months, 12 below the Guideline minimum. There was no appeal.

I

BACKGROUND ON THE RETROACTIVE GUIDELINE AMENDMENT

Section 3582(c)(2) provides authority for the reduction of a defendant's sentence based on a change in the Guidelines, if the Sentencing Commission authorizes such a reduction:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after

considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Commission has identified the amendments that may be applied retroactively pursuant to this authority, and it has articulated the proper procedure for implementing the amendment in a concluded case.[1]  On December 11, 2007, the Commission issued a revised version of Section 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c).  Revised Section 1B1.10(a), which becomes effective on March 3, 2008, provides, in relevant part:

> (1) <u>In General</u>.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).  As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) <u>Exclusions</u>.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not

---

[1]  Section 1B1.10 implements both 18 U.S.C. § 3582(c)(2) and 28 U.S.C. § 994(u), the latter of which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."  A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c).  <u>See, e.g.</u>, <u>United States v. Cueto</u>, 9 F.3d 1438, 1440-41 (9th Cir. 1993); <u>United States v. Perez</u>, 129 F.3d 255, 259 (2d Cir. 1997).

   authorized under 18 U.S.C. § 3582(c)(2) if—
   (A) none of the amendments listed in subsection (c) is applicable to the defendant; or
   (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

  (3) <u>Limitation</u>.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

The amendment in question in this matter is Amendment 706, effective November 1, 2007, which reduced the base offense level for most cocaine base ("crack") offenses.[2] On December 11, 2007, the Commission added Amendment 706 to the list of amendments that may be applied retroactively under Section 1B1.10(c), effective March 3, 2008.

In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses. <u>See</u> USSG, Supplement

---

[2] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007. Amendment 711 also made conforming amendments to the drug conversion chart which is employed where the offenses of conviction involved crack as well as other controlled substances.

to App. C, Amend. 706.[3]

Previously, the Commission had set the entire range in Section 2D1.1 for a given quantity of crack above the applicable mandatory minimum sentence. Under the amendment, the Commission set the offense levels so that the mandatory minimum sentence falls within the range for the quantity of crack that triggers that mandatory minimum penalty. For example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment. See 21 U.S.C. § 841(b)(1)(B). The revised guideline applies an offense level of 24 to a quantity of cocaine base ("crack") of at least five grams but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months, which encompasses the 60-month mandatory minimum.

The ultimate result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for crack offenses.

---

[3] In a separate matter, the Supreme Court recently held in Kimbrough v. United States, 128 S. Ct. 558 (2007), that district courts "may consider the Guidelines' treatment of crack and powder cocaine offenses" in deciding whether to vary from the advisory Guidelines range for crack offenders. However, that issue is not pertinent to this case, which involves only a § 3582(c)(2) reduction based on a specific guideline amendment.

II

A REDUCTION IN SENTENCE IS NOT WARRANTED

Defendant is correct that Amendment 706 reduced the guideline range applicable in his case, and therefore the Court may consider whether to reduce his sentence. Specifically, based upon a re-calculation under the changed guidelines, the base offense level in this case is now 26, pursuant to amended Section 2D1.1; when combined with the other guideline applications made during the initial sentencing process, the total offense level is 23. At the established criminal history category of V, this would result in a sentencing range of 84-105 months. This is a reduction from the previously calculated range of 100-125 months.

The government believes that this Court should not exercise its discretion to reduce defendant's sentence to the newly calculated range. The Court has already taken the two-level deduction into consideration. At the original sentencing, the Court based its sentencing decision on the sentencing range that included the two level departure: "...but I think 3553 would justify the two-level departure and I just hate to give you the very bottom because you're not an absolute innocent, so I'm going to give you 88 months and go from there." Sentencing Transcript, Docket 38-2, p. 28. Thus, the Court based the original sentencing on the new Guideline range, 84-105 months, and awarded a sentence

just above the low end. The defendant already got the benefit of the new the Guideline change, and should not be awarded an additional benefit. If the Court were to additionally reduce the defendant's sentence, he would be getting a double reduction. Nothing in the seriousness of these offenses, the fact that the defendant fled prosecution, and his extensive criminal history call for a double reduction.

A. <u>The Process of Considering a Section 3582(c)(2) Reduction</u>

Although the defendant may qualify for a reduction in sentence under Section 3582(c)(2) and the applicable policy statements of the Commission, a reduction of sentence is not automatic. This Court's discretion is set forth in Section 3582(c)(2) itself, which provides: "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Thus, section 1B.10 creates discretion for a district court to reduce a sentence based on a retroactive change but does not require it to do so. <u>See</u> <u>United States v. Wales</u>, 977 F.2d 1323, 1327-28 (9th Cir. 1992) (section 1B1.10 "merely affords the sentencing court discretion" to make reduction but "does not mandate" it) (quotation omitted); <u>see also, e.g.</u>, <u>United States v. Vautier</u>, 144 F.3d 756, 760 (11th Cir. 1998) ("[t]he grant of authority to the district court to reduce a term of

imprisonment is unambiguously discretionary"); United States v. Ursery, 109 F.3d 1129, 1137 (6th Cir. 1997); United States v. Whitebird, 55 F.3d 1007, 1010 (5th Cir. 1995); United States v. Mueller, 27 F.3d 494, 497 n.5 (10th Cir. 1994) United States v. Coohey, 11 F.3d 97, 101 (8th Cir. 1993).

Accordingly, Section 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted. Id. comment. (n.1(B)(I)); see also USSG § 1B1.10 comment. (backg'd) ("The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right.").

"Thus, reading § 3582(c)(2) and the Sentencing Guidelines together, the district court must make two distinct determinations before deciding whether to reduce a defendant's sentence under § 3582(c)(2)." Vautier, 144 F.3d at 760. First, Section 1B1.10(b) directs the court to consider the new guideline range:

> In determining whether, and to what extent, a reduction in the term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that

>would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced . . . .

In other words, "the court must substitute the amended guideline range for the originally applied guideline range and determine what sentence it would have imposed. In undertaking this first step, only the amended guideline range is changed. All other guideline application decisions made during the original sentencing remain intact." Vautier, 144 F.3d at 760. Then, in the second step, "in light of the conclusion reached in the first step, the court must consider the factors listed in § 3553(a) and determine whether or not to reduce the defendant's original sentence." Id.[4]

Subject to the limits set forth in Section 1B1.10(b), to be discussed below, the Court may consider all pertinent information in applying the Section 3553(a) factors and determining whether and by how much to reduce the defendant's sentence. In particular, the Court must consider public safety considerations, and

---

[4] The Eighth Circuit has also endorsed and explained at length this two-step procedure. United States v. Hasan, 245 F.3d 682, 684-85 (8th Cir. 2001) (en banc).

In United States v. Legree, 205 F.3d 724, 728 (4th Cir. 2000), the court stated that it disagreed with the need for or utility of the two-step method. However, the essence of its ruling was that the district court's proper consideration of the factors relevant to a Section 3582(c)(2) reduction of sentence, including consideration of the Section 3553(a) factors, may be presumed from the record. The court did not criticize the underlying proposition that a trial court in fact should consider the guideline range as affected only by the guideline amendment, and should then apply the Section 3553(a) factors in determining whether to reduce the sentence.

may consider information regarding the post-sentencing conduct or situation of the defendant, whether positive or negative.  Revised application note 1(B)(ii) directs that "[t]he court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment."  Revised application note 1(B)(iii) further directs that "[t]he court may consider post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment."  The application note explains that these factors are relevant in determining whether and by how much to reduce a sentence, but only within the limits set forth in Section 1B1.10(b).

B.  The Permissible Extent of the Section 3582(c)(2) Reduction

If this Court decides to reduce the sentence, the extent of the reduction is strictly limited.  Congress delegated to the Sentencing Commission the authority to determine to what extent a sentence may be reduced.  See 18 U.S.C. § 3582(c)(2); 28 U.S.C. § 994(u).  The Commission, in turn, directed in Section 1B1.10(b) that, with one exception (where the defendant earlier received a below-guideline sentence), "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1)."  USSG § 1B1.10(b)(2)(A).  An application note adds: "Under

subsection (b)(2), the amended guideline range determined under subsection (b)(1) and the term of imprisonment already served by the defendant limit the extent to which the court may reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement.  Specifically, if the original term of imprisonment imposed was within the guideline range applicable to the defendant at the time of sentencing, the court shall not reduce the defendant's term of imprisonment to a term that is less than the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1)." USSG § 1B1.10 comment. (n.3).[5]  Thus, the Court may not reduce the sentence below the range provided by the amended guideline, and "in no case . . . shall the term of imprisonment be reduced below time served."  USSG § 1B1.10 comment n.3.

In determining whether to reduce the imposed sentence, the Court may take into account the fact that defendant previously received a non-guideline sentence pursuant to 18 U.S.C. § 3553 and <u>Booker</u>.  Specifically, defendant faced a range of

---

[5] Application note 3 provides an example of this rule:

For example, in a case in which: (1) the guideline range applicable to the defendant at the time of sentencing was 41 to 51 months; (2) the original term of imprisonment imposed was 41 months; and (3) the amended guideline range determined under subsection (b)(1) is 30 to 37 months, the court shall not reduce the defendant's term of imprisonment to a term less than 30 months.

100-125 months under the guidelines, but the court, citing consideration of 18 U.S.C. § 3553 factors, imposed a sentence of 88 months. While the Court maintains the discretion to further reduce the defendant's sentence, revised Section 1B1.10(b)(2)(B) cautions: "if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553 and <u>United States v. Booker</u>, 543 U.S. 220 (2005), <u>a further reduction generally would not be appropriate</u>." (emphasis added). In this case, the government submits that the suggestion of the Sentencing Commission should be followed, and no further reduction should be granted. As stated above, at the outset of section II, the Court based it's original sentence on the two-level departure. An additional departure would give the defendant two bites at the same apple.

If this Court disagrees, and decides to grant a reduction, that reduction is limited. In authorizing a reduced sentence based on a retroactive amendment to a guideline, the Sentencing Commission stated: "If the original term of imprisonment was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) may be appropriate. . . ." USSG § 1B1.10(b)(2)(B) comment. (n.3). The application note provides an instructive example:

> For example, in a case in which: (1) the guideline range applicable to the defendant at the time of sentencing was 70 to 87 months; (2) the defendant's original term of imprisonment imposed was 56 months (representing a downward departure of 20 percent below the minimum term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing); and (3) the amended guideline range determined under subsection (b)(1) is 57 to 71 months, a reduction to a term of imprisonment of 46 months (representing a reduction of approximately 20 percent below the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1)) would amount to a comparable reduction and may be appropriate.

§ 1B1.10 comment. (n.3). Here, the bottom of the original guideline range was 100 months, and the Court imposed a sentence of 88 months. Thus, the reduction authorized by the Sentencing Commission is 12% below the new guideline minimum of 84 months, which is a term of 74 months. The defendant remains subject to the mandatory minimum sentence of 60 months.

### III

### CONCLUSION

For the reasons stated above, the government respectfully requests that the Court not exercise its discretion to grant a 2-level reduction to the defendant. The Court has already taken the two-level deduction into consideration at the original sentencing. The defendant already got the benefit of the new the Guideline change, and should not be awarded an additional benefit. If the Court were to additionally reduce the defendant's sentence, he would be getting a double

reduction. Nothing in the seriousness of these offenses, the fact that the defendant fled prosecution, and his extensive criminal history call for a double reduction.

RESPECTFULLY SUBMITTED this 26th day of August, 2008, at Anchorage, Alaska.

NELSON. P. COHEN
United States Attorney


 s/Bryan Schroder
BRYAN SCHRODER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: bryan_schroder@usdoj.gov


I declare under penalty of perjury that a true and correct copy of the foregoing
was sent to the following counsel of record on August 26, 2008, via:

   (X) Electronic case filing notice

M.J. Haden, Esq.

s/ Bryan Schroder
Office of the U.S. Attorney